JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01253-DOC-KES                                  Date: October 17, 2023

Title: JACKIE NUNEZ v. WAL-MART ASSOCIATES, INC. ET AL.

PRESENT:         THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of San Bernardino.

## I. Background

This action concerns Plaintiff Jackie Nunez's employment with Defendant Wal-Mart Associates Inc. ("Defendant" or "Walmart"). Complaint (Dkt. 1-1) ¶ 12. Plaintiff alleges that Walmart wrongfully terminated her after Plaintiff's complaints regarding discrimination and harassment due to her gender, gender identity, and gender expression. *See id.* ¶ 4–5.

Plaintiff originally filed suit in the Superior Court of California, County of San Bernardino, on May 9, 2023. *Id.* On June 28, 2023, Defendant removed the action to this Court, asserting diversity jurisdiction. Notice of Removal (Notice") (Dkt. 1).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01253-DOC-KES  Date: October 17, 2023
Page 2

relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01253-DOC-KES                                                                   Date: October 17, 2023
                                                                                                                           Page 3

minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

      While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

      If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.    Discussion

      Defendant argues that this Court has diversity jurisdiction in this action. Notice ¶ 6-20. The Court disagrees.

      Defendant argues that the amount in controversy is met because Plaintiff's "seeks at least $150,000." *Id.* ¶ 17. This amount, however, is largely speculative. Plaintiff's only calculable damages are for past lost wages, calculated with an hourly salary of $24.45 ($978 per week at 40 hours per week). *Id.* ¶ 16. Defendant argues that past lost wages should be calculated over for a period of 139 weeks. This calculation presumes that trial will take place in approximately 32 months from Plaintiff's termination, in around December 2024. *Id.* Defendant further alleges that the alleged damages would exceed $75,000 based on various civil penalties and attorneys' fees. *Id.* ¶ 18-19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01253-DOC-KES                                               Date: October 17, 2023
                                                                                                              Page 4

The Court considers lost wages in the period from termination until removal. Here, Plaintiff was allegedly terminated on April 10, 2022, and the case was removed on June 28, 2023. Notice ¶ 16. A weekly rate of $978 over these 63 weeks results in $61,614 in lost wages.

The Court will not include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). The Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

**IV.   Disposition**

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of San Bernardino, California. The Scheduling Conference set for October 30, 2023 is hereby VACATED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                               Initials of Deputy Clerk: kdu
CIVIL-GEN